IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **GEORGE WESLEY HARRIS, et al.,** § | |
| § | |
| § | Case No.:  3:09-CV-1809-B |
| Defendants, and § | |
| § | |
| **GIANT PETROLEUM, INC., and** § | |
| **DSSC OPERATING, LLC,** § | |
| § | |
| Relief Defendants, § | |
| Solely for the Purposes of § | |
| Equitable Relief. § | |
| §————————————————————— | |

## ORDER

Before the Court are Defendant Stephen Christopher Plunkett's ("Plunkett") Motion to Strike the Affidavit of Receiver Karen L. Cook (doc. 29) and Motion for Sanctions (doc. 30).

Plunkett's Motion to Strike the Affidavit of Receiver Karen L. Cook is **DENIED**. As noted by the Fifth Circuit:

> Affidavits and other hearsay materials are often received in preliminary injunction proceedings. The dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding.

*Fed. Sav. & Loan ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987) (quoting *Asseo v. Pan American Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986). The Court finds that the affidavit of the receiver was appropriate for these proceedings. Plunkett's attempt to distinguish *Dixon* must

fail. The *Dixon* panel noted that the district court relied on other evidence when it granted the preliminary in junction, but at best this distinction speaks only to the weight that the Court can give the affidavit, not the affidavit's admissibility. Indeed, the *Dixon* panel noted that the district court can consider inadmissible evidence in support for a request for preliminary injunctive relief. *See id*.

Regarding the Motion for Sanctions, the Court finds that Plaintiff has failed to show that the Receiver's actions were the product of gross negligence. The Fifth Circuit has defined "gross negligence" as:

> The intentional failure to perform a manifest duty in reckless disregard of the consequences . . . . It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected.

*Dodson v. Huff (In re Smyth)*, 207 F.3d 758, 762 (quoting BLACKS LAW DICTIONARY 1033 (6th ed. 1990)). It is at least arguable that the Order Appointing Receiver ("Order")applied to Plunkett's assets. The Order authorized the Receiver to "[c]ollect, marshal, and take custody, control, and possession of all . . . assets traceable to assets owned or controlled by the Receivership Estate." The Court need not determine whether the Receiver had such authority. The record as presented by Plunkett, at best raises a question of negligence, and falls well short of a showing of gross negligence. Plunkett's Motion for Sanctions (doc. 30) is therefore **DENIED**.

**SO ORDERED,** June 16, 2010.

                                        PAUL D. STICKNEY
                                        UNITED STATES MAGISTRATE JUDGE