UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1809-B |
| GEORGE WESLEY HARRIS and GIANT OPERATING, LLC, | § § § § | |
| Defendants, and | § § | |
| STEPHEN CHRISTOPHER PLUNKETT, GIANT PETROLEUM, INC., and DSSC OPERATING, LLC, | § § § § | |
| Relief Defendants Solely for the Purposes of Equitable Relief. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is American Cancer Society's Motion for New trial (doc. 164), filed September 21, 2010, which challenges the Court's acceptance of Magistrate Judge Stickney's Findings, Conclusions, and Recommendations concerning the Receiver's Motion for Turnover Relief for Receivership Assets Transferred to the American Cancer Society ("ACS"). The Court finds that ACS's Motion should be and hereby is **DENIED**.

The Receiver filed her Motion for Turnover against ACS on November 5, 2009 (doc. 17). The Motion was then referred by this Court to Magistrate Judge Stickney (doc. 18). On September 7, 2010, Judge Stickney entered his Findings, Conclusions, and Recommendations, finding that turnover was proper (doc. 152). This Court entered an Order accepting the findings on September

20, 2010 (doc. 161). ACS subsequently filed Objections to the Findings, Conclusions, and Recommendations (doc. 163) and a Motion for New Trial on the basis of its Objections (doc. 164). As these Objections were timely filed within the statutory deadline, the Court took them under advisement and reconsidered its earlier Order. After a careful *de novo* review of ACS's Objections to Judge Stickney's Findings, Conclusions, and Recommendations, the Court entered an Amended Order that accepted the Findings, Conclusions, and Recommendations and overruled the Objections.

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, the Court may grant a new trial upon motion of a party. However, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). There is no evidence of prejudicial error or that a substantial injustice has occurred. Accordingly, the Court **DENIES** ACS's Motion for New Trial. The Court's Judgment of September 20, 2010 (doc. 162) remains in force.

SO ORDERED.

DATED October 6, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE