IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>v.<br><br>GEORGE WESLEY HARRIS, *et al.*,<br><br>　　Defendants, and<br><br>GIANT PETROLEUM, INC., and DSSC OPERATING, LLC,<br><br>　　Relief Defendants, Solely for the Purposes of Equitable Relief. | §§§§§§§§§§§§§§§§ Case No.: 3:09-cv-01809-B |

**STEPHEN G. GLEBOFF'S MOTION FOR APPROVAL
OF APPLICATION FOR PAYMENT OF ATTORNEYS' FEES
AND EXPENSES AND BRIEF IN SUPPORT**

Stephen G. Gleboff ("Mr. Gleboff"), former counsel to Karen Cook (the "Receiver"), respectfully submits his Motion for Approval of Application for Payment of Attorneys' Fees and Expenses and Brief in Support.

**MOTION FOR APPROVAL**

Mr. Gleboff respectfully moves for the approval of his reasonable and necessary attorneys' fees and expenses incurred in connection with his provision of legal services to the Receiver, during the period from October, 2011 through December, 2014.[1]  The total amount of fees and expenses incurred during this period is $87,487.76.  Of that amount, $86,880.60

---

[1] Mr. Gleboff represented the Receiver while practicing as Gleboff Law Group PLLC ("GLG"), which changed its name to Stephen G. Gleboff PLLC ("SGG").  Mr. Gleboff was the sole member of both entities.  The fees of both entities are encompassed by this fee application.

represents the attorneys' (and paralegal's) fees and $607.16 represents expenses incurred and paid in connection with the representation in this matter.

This Motion is supported by Mr. Gleboff's Brief below, and the evidence contained in the Appendix in Support of the Motion for Approval of Application for Payment of Attorneys' Fees and Expenses and Brief in Support, filed herewith.

### THIS MOTION MAY BE OPPOSED

The Receiver's Supplemental Motion for Approval of Distribution Plan acknowledges that Mr. Gleboff's firm is owed outstanding fees and expenses in the amount of $87,487.76, and the Receiver agrees that his claim to those fees and expenses is well founded (ECF 304 at 5).

Others, including those with claims against the Receivership, may oppose the relief sought. However, no such persons or parties opposed the Receiver's Motion for Approval of Distribution Plan (ECF 298).

### BRIEF IN SUPPORT OF MR. GLEBOFF'S MOTION

I. BACKGROUND FACTS

Mr. Gleboff began to provide legal services to the Receiver in October, 2011, and represented the Receiver as lead counsel until June 12, 2015.[2] On October 11, 2011, Mr. Gleboff filed a notice of appearance and motion to substitute counsel, (ECF 216), which this Court granted on October 12, 2011 (ECF 217). The representation of the Receiver was provided by Mr. Gleboff, Megan K. Dredla, an associate attorney, and Stephanie A. Zaleskin, a paralegal.

II. PRIOR APPLICATIONS

Mr. Gleboff's work has not been the subject of any prior fee applications filed by the Receiver. Mr. Gleboff was included in a prior approved fee application submitted by Little

---

[2] S. Michael McColloch PLLC was substituted as counsel for the Receiver.

Pedersen Fankhauser, LLP.

## III.   TIME PERIOD AND FEES AND EXPENSES REQUESTED

This application requests payment of Mr. Gleboff's attorney's fees and expenses for the time period from October, 2011 through December, 2014.  Although Mr. Gleboff represented the Receiver through June 12, 2015, he is only seeking attorney's fees and expenses through December 31, 2014.  The professionals whose fees comprise this request are Mr. Gleboff, Megan K. Dredla, and Stephanie A. Zaleskin.

The detailed time entries of each individual are reflected in the invoices issued by GLG and SGG and attached to the Declaration of Stephen G. Gleboff ("Gleboff Declaration") as Exhibit 1, Appendix at 7 - 126.  The invoices reflect the following fees and expenses incurred by GLG and SGG, and the regular monthly discounts given to the Receiver, as follows:

| **FEES** | **EXPENSES** | **TOTAL DUE** |
|---|---|---|
| $86,880.60 | $607.16 | $87,487.76 |

Mr. Gleboff seeks an Order directing the Receiver to pay him the amount of $87,487.76, reflecting fees of $86,880.60 and expenses of $607.16.[3]

## IV.   SUMMARY OF MR. GLEBOFF'S WORK

In addition to the general representation of the Receivership, Mr. Gleboff's services as the Receiver's lead counsel included the following:

- Reviewed and analyzed all creditor files and internal documentation; located creditors; communicated with creditors and managed creditor relationships;

- Reviewed and analyzed all investor files and internal documentation; located investors; prepared, sent and managed Investor Verification Forms; managed investor database; communicated with investors; managed investor

---

[3] Mr. Gleboff understands that any award of fees will be made pursuant to the Court's Order of April 18, 2016, and the Court's determination of *pro rata* distribution of fees (ECF 315).

**STEPHEN G. GLEBOFF'S MOTION FOR APPROVAL
OF APPLICATION FOR PAYMENT OF ATTORNEYS' FEES
AND EXPENSES AND BRIEF IN SUPPORT** – Page 3

- relationships;

- Reviewed and paid vendor invoices; managed vendor relationships;

- Managed well operations; communicated with and managed relationships with operators and field support;

- Monitored asset recovery;

- Monitored monthly revenue and expenses;

- Reviewed Monthly Joint Interest Billing Statements and paid vendors;

- Reviewed Monthly Crude Oil Statements;

- Communicated with and submitted reports to New Mexico and Texas regulatory agencies;

- Researched leases and permits;

- Organized and maintained Receivership materials;

- Assisted in preparing documents for sale of wells and prospective buyers;

Detailed time entries reflecting this work are found in the Appendix, Exhibit 1, at 7 - 126.

V.   STAFFING

The services provided to the Receiver by GLG and SGG were performed by Mr. Gleboff, the managing member of GLG and SGG, Megan K. Dredla, an associate formerly employed by GLG, and Stephanie A. Zaleskin, a paralegal employed by GLG and SGG. Mr. Gleboff billed a total of 27.50 hours during the time period covered by this Motion, at a rate of $475.00 per hour. Ms. Dredla billed a total of 33.90 hours, at a rate of $260.00 per hour. Ms. Zaleskin billed a total of 426.50 hours, at a rate of $175.00 per hour. Charges were calculated at the stated hourly rates, then all hours were discounted by 10% before invoicing.

**STEPHEN G. GLEBOFF'S MOTION FOR APPROVAL
OF APPLICATION FOR PAYMENT OF ATTORNEYS' FEES
AND EXPENSES AND BRIEF IN SUPPORT** – Page 4

VI.   **CURRENT FINANCIAL STATUS OF THE RECEIVERSHIP**

At the outset of the Receivership, the Receiver seized $359,904.17 from bank accounts maintained by Defendants and Relief Defendants. Through her efforts, the Receiver recovered an additional $652,296.03 for the Receivership Estate. This includes the disposition of personal property, real property, and sale of the rights Giant owned in certain oil leases and wells in New Mexico. The Receiver paid $333,058.70 in previously-approved fee applications for attorneys, accountants, computer specialists and others who have assisted the Receivership Estate. This amount excludes the numerous professionals and contractors involved in operating the wells, repairing and maintaining the wells, drafting and filing regulatory reports, assisting with property title research, and providing services for environmental remediation, much of which was paid for from current proceeds of ongoing well operations. As a result of these efforts, assets in the Receivership Estate totaled $681,065.35, or approximately double the liquid assets available for distribution at the time the Receivership commenced, when the Receiver filed her Motion for Approval of Distribution Plan. (ECF 298 at 9-10).

VII.  **MR. GLEBOFF'S FEES AND EXPENSES ARE REASONABLE AND NECESSARY AND SHOULD BE PAID**

The standards for an award of attorney's fees are well established.

> In awarding statutorily-authorized attorney's fees, district courts in the Fifth Circuit employ a two-step procedure. *See Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir.1995). First, the reasonable number of hours expended by counsel is multiplied by the reasonable hourly rate charged by lawyers in the community. *Id*. at 324. The product of this multiplication is the base fee, or "lodestar", which the Court then either accepts or adjusts upward or downward based on twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974). [FN3] The Court may modify the lodestar if any of the Johnson factors not already considered in the reasonable fee analysis warrant an adjustment. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993). The lodestar is presumptively reasonable, however, and should be modified only in

> exceptional cases. *Id*. (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
>
> FN3. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Old Republic Ins. Co. v. Stafford*, No. Civ. A. 3:03-CV-1611, 2005 WL 2026853 (N.D. Tex. Aug. 22, 2005).

The calculation of the lodestar in this case is straightforward because the actual hours expended by GLG and SGG were reasonable and necessary, and the hourly rates charged by GLG and SGG for services are reasonable and customary for Dallas, Texas. *See* Appendix at 3 - 6; Gleboff Declaration ¶¶ 2 and 9. As a result, the product of the number of hours worked and the hourly rate charged represents a lodestar that is both presumptively reasonable and proven reasonable by the evidence submitted.

The remaining *Johnson* factors are addressed below.

1. <u>The time and labor required</u> – Exhibit 1 to the Gleboff Declaration sets forth the time entries for each of the professionals that provided services to the Receiver. The Gleboff Declaration includes the opinion that the time expended was both necessary and reasonable. *See* Appendix at 3 - 6; Gleboff Declaration ¶¶ 2 and 9.

2. <u>The novelty and difficulty of the case</u> – The issues raised by this Receivership were, and are, novel and difficult. As lead counsel to the Receiver, Mr. Gleboff faced the on-going challenge of a receivership with little in the way of resources, few assets that could be recovered and monetized for the benefit of the receivership's creditors, and oil wells that had been improperly maintained and managed by Defendants, and that were difficult to operate,

market and sell.

3. <u>The skill required</u> – The work undertaken by Mr. Gleboff in representing a challenging receivership required skill and experience in complex matters. Mr. Gleboff and the professionals assisting him are skilled lawyers and an experienced paralegal with sophisticated commercial law practices. *See* Appendix at 3 - 6; Gleboff Declaration at ¶¶ 5, 6 and 7.

4. <u>The preclusion of other employment</u> – Mr. Gleboff did not decline any representation because of his service in this case.

5. <u>The customary fee</u> – As explained in the Gleboff Declaration, the fees requested are reasonable for Dallas, Texas in similar cases, and were discounted. *See* Appendix at 3 - 6; Gleboff Declaration ¶¶ 2 and 9.

6. <u>Whether the fee is fixed or contingent</u> – Mr. Gleboff's fee arrangement with the Receiver was not contingent, but is subject both to Court approval and the existence of money in the receivership estate to pay the fee. Mr. Gleboff has not been paid for any of his work in this matter.

7. <u>Time limitations imposed</u> – Mr. Gleboff's work has, from time to time, been subject to time limitations based on deadlines imposed by court orders. Examples are ECF 276 and ECF 292.

8. <u>The results obtained</u> – The Receivership, while challenging, was successful in generating assets for distribution to investors. First, the Receiver, with the assistance of counsel, operated the oil wells ("the "Wells") and generated revenue for several years. Second, with the advice of the Examiner, the Receiver successfully marketed the Wells. (Although the Wells sold for less than oil industry professionals had projected, the reason was a decline in production that could not have been predicted given Defendants' lack of record keeping and

geological testing.) Third, the Receiver obtained and sold assets from Defendants. The operation of the Wells has been accomplished economically to preserve the assets recovered and generated.

Fourth, with respect to its representation of the Receiver as lead counsel, Mr. Gleboff successfully managed the Receivership's relationships with the investors and creditors in such a manner that no investors or creditors objected to the Receiver's Proposed Distribution Plan.

Mr. Gleboff successfully assisted the Receiver in discharging her obligations to the Court and the Receiver is satisfied with the services he provided.

9. <u>The experience, reputation and ability of the attorneys</u> – The professionals involved are experienced and skilled lawyers and a paralegal who each enjoy a very favorable reputation in the legal community.

10. <u>The undesirability of the case</u> – Service as counsel to the Receiver is not undesirable, although given the limited resources of the Receivership, representation has never been an assurance of recompense.

11. <u>The nature and length of the professional relationship with the client</u> – Mr. Gleboff represented the Receiver from October, 2011 to June 12, 2015. Mr. Gleboff had a pre-existing professional relationship with the Receiver during the time he was a partner at Little Pedersen Fankhauser, LLP.

12. <u>Awards in similar cases</u> – Mr. Gleboff believes and understands the fees and expenses requested are commensurate with fees awarded in similar cases in this district.

The tasks performed by Mr. Gleboff for the Receiver were necessary to discharge the Receiver's duties and the rates charged are reasonable for the Dallas, Texas area.

**VIII.   *PRO RATA* DISTRIBUTION**

Mr. Gleboff concurs with the analysis of *pro rata* distribution factors set forth in Little Pedersen Fankhauser, LLP's Response to the Court's Proposed Distribution Plan addressing the matter. (ECF 316 at 4 - 5.)

## IX. CONCLUSION

For the reasons set forth above, Mr. Gleboff respectfully requests that this Court approve this application and direct the Receiver to make payment to Mr. Gleboff for the requested attorneys' fees and expenses.

Respectfully submitted,

*/s/ Stephen G. Gleboff*
Stephen G. Gleboff
Texas State Bar No. 08024500
E-mail: gleboffs@gmail.com

**STEPHEN G. GLEBOFF, PLLC**
8379 Santa Clara
Dallas, Texas 75218
214-802-5869 (Phone)
214-292-8656 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 14, 2016, the foregoing document was filed electronically via the electronic case filing system of the U.S. District Court, Northern District of Texas, which provides a copy to all counsel of record.

*/s/ Stephen G. Gleboff*
Stephen G. Gleboff

## CERTIFICATE OF CONFERENCE

I certify that on July 13 and 14, 2016, I conferred with Karen L. Cook, Receiver, Timothy McCole, counsel for the SEC, Shawn Long, counsel for Wick Phillips, and John Little, counsel for Little Pedersen, and none oppose the relief sought in this motion.

/s/ *Stephen G. Gleboff*
Stephen G. Gleboff

## RECEIVER'S CERTIFICATION

I hereby certify that I have read the foregoing Motion for Approval of Application for Payment of Attorney's Fees and Expenses and Brief in Support (the "Application"), and to my knowledge, information and belief formed after reasonable inquiry, (1) the Application and all fees and expenses therein are true and accurate and comply with the requirements as set forth in this District; (2) all fees contained within the Application are based on rates disclosed herein and such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed; (3) the Application does not seek reimbursement of amortized cost of any investment, equipment, or capital outlay other than those allowed by this District; and (4) the Application requests only reimbursement for the amount billed to me and/or my counsel by third party vendors for services justifiably purchased or contracted for by me or my counsel and I and my counsel are making no profit on such reimbursable services.

/s/ *Karen L. Cook*
Karen L. Cook